IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05779-PAB

YOSYMAR GRACIELA MEDINA BARRIOS,

Petitioner,

v.

NATHAN RASPER, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security,
TODD BLANCHE, United States Attorney General,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Yosymar Graciela Medina Barrios' Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1]. Respondents filed a response. Docket No. 5.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela who arrived in the United States through the Calexico, California Port of Entry on January 8, 2025 with CBP One. Docket No. 1 at 2, 26, ¶ 3. Petitioner was paroled into the United States. *Id.* at 2, 12, ¶¶ 3, 43. On April 18, 2025, she requested asylum. *Id.* at 2, ¶ 3. Petitioner has lived in Florida since 2025, has a work permit, has worked as a ride-share driver, and has no criminal history. *Id.* at 2, 4, ¶¶ 4, 9-10.

On July 20, 2026, Immigration and Customs Enforcement ("ICE") agents detained petitioner following a traffic stop in Broward County, Florida, while she was working as a ride-share driver. *Id.* at 2, 12, ¶¶ 4, 45. ICE initially detained petitioner at the Miramar Processing Center and, on August 9, 2026, transferred her to the Denver Contract Detention Facility, where she remains detained. *Id.* at 2-3, ¶ 4. Petitioner states that she was not provided a warrant at her arrest, and she has not received an individualized bond hearing before an immigration judge. *Id.* at 2-3, 12, ¶¶ 4, 7, 45. She was ordered removed on October 14, 2026, and her appeal of that order is pending. *Id.* at 3, ¶ 5.

On November 3, 2026, petitioner filed a habeas petition. *See generally id.* Petitioner asserts three claims: (1) "Violation of the INA;" (2) "Violation of the Immigration and Nationality Act § 235(b), 8 U.S.C. § 1225(b);" and (3) "Violation of Fifth Amendment Procedural and Substantive Due Process Rights." *Id.* at 13, 16, 20. For relief, petitioner requests, among other things, immediate release or, in the alternative, a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. *Id.* at 22-23.

On November 13, 2026, respondents filed a response. Docket No. 5. The response indicates that "Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and that respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1. Respondents further state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of

this Court's Order, release Petitioner from detention." *Id.* at 1 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Because ICE detained petitioner within the borders of the United States and because petitioner is not subject to a final order of removal, petitioner's detention is governed by 8 U.S.C. § 1226. *See Santillan Quiroz*, 180 F.4th at 1237; Docket No. 1 at 3, ¶ 5 (stating that petitioner's appeal of her removal order is pending); *see also* 8 U.S.C. § 1231 (governing detention of aliens subject to final removal orders).

The Court considers petitioner's due process claim. *See* Docket No. 1 at 20-22, ¶¶ 73-80. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation marks and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was released on parole in 2025. *See* Docket No. 1 at 2, 12, ¶¶ 3, 43. In releasing petitioner on parole, the government necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not provide any indication as to why petitioner was re-detained. Since her release, petitioner has lived in the United States for

approximately a year and a half, applied for asylum, and maintained employment, and she has no criminal history. *See* Docket No. 1 at 2, 4, ¶¶ 3, 9-10. Here – where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk – there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances" (alteration, internal quotation marks, and citation omitted)); *Uzcategui v. Brooksby*, 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty

interest.”). Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, “the government clearly has an interest in enforcing immigration laws, but [the government’s] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [her] detention is low.”[1] *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation marks and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) (“It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention.”). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner’s re-detention are low when compared to petitioner’s interest in being free from the erroneous deprivation of her liberty. *See Ekenge*, 2026 WL 617341, at *5 (“The Government’s interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.”) (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner’s due process rights were violated. Respondents provide no argument to the contrary and do not contend that petitioner is a flight risk or danger to the community. Further, respondents state that if the Court grants the petition, the appropriate relief would be an order directing that respondents release petitioner from detention. Docket No. 5 at 1. Thus, the Court will

[1] Petitioner states that she was not provided a warrant at her arrest, and respondents do not state otherwise. *See* Docket No. 1 at 2, 12, ¶¶ 4, 45; Docket No. 5.

grant the habeas petition on the basis of petitioner's due process claim and order petitioner's immediate release.[2] *See Perez-Cifuentes*, 2026 WL 1733489, at *3 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination." (internal quotation marks and citation omitted)); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation marks and citation omitted); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) (finding that "in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," petitioner's immediate release is the appropriate remedy).

[2] Because the Court grants the petition on the basis of petitioner's due process claim, the Court does not reach petitioner's remaining claims and requests for relief.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Yosymar Graciela Medina Barrios' Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge